**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-232

OCTOBER TERM, 2015

| | | |
|---|---|---|
| In re John Rishar | } | APPEALED FROM: |
| | } | |
| | } | Human Services Board |
| | } | |
| | } | |
| | } | DOCKET NO. J-01/15-52 |

In the above-entitled cause, the Clerk will enter:

Petitioner John Rishar appeals pro se from a decision by the Human Services Board concerning his 3SquaresVT benefits. We affirm.

Petitioner receives 3SquaresVT benefits, administered by the Department for Children and Families (DCF). The 3SquaresVT program provides financial assistance to eligible individuals and families for the purchase of food. See generally Food Stamps (3SquaresVT), Code of Vt. Rules 12-3-225:271-280, http://humanservices.vermont.gov/on-line-rules/esd/group-food-stamp-rules/view [http://perma.cc/35EZ-TZZF]. The benefit level is based on countable household income minus any applicable deductions. Id. 12-3-225:273.9(b)-(d). Petitioner also receives Supplemental Security Income (SSI) benefits, administered by the Social Security Administration (SSA). See generally "Supplemental Security Income (SSI)," SSA Publication 05-110000 (Jan. 2015), http://www.ssa.gov/pubs/EN-05-11000.pdf [http://perma.cc/KL3N-FS2R] (describing SSI benefits generally, including appeal rights). In January 2015, petitioner was informed that his 3SquaresVT benefits would decrease from $145 to $140 as a result of a cost-of-living increase in his monthly SSI payments from $944.94 to $956.94. Petitioner appealed from the January 2015 notice, but then withdrew his appeal. In February 2015, DCF notified petitioner that his 3SquaresVT benefits would increase from $140 to $194 as a result of a decrease in his monthly SSI payments from $956.94 to $785.04. Petitioner appealed this decision because he objected to the decrease in his monthly SSI payments.

A hearing officer held an initial hearing on February 10, 2015. The hearing officer gathered information about the DCF decisions referenced above. Petitioner suggested that DCF was attempting to lower his SSI payments in retaliation for his pursuit of an appeal. The hearing officer asked DCF to submit in writing the reasons for its decisions and the records relied upon for those decisions, and scheduled another hearing for March 2015. DCF submitted the requested information. As relevant here, DCF explained that petitioner's 3SquaresVT benefits had increased as of March 1, 2015, because petitioner's SSI benefits had decreased. The SSI change occurred due to corrected information about petitioner's living situation. Petitioner had asked at the first hearing about the state's role in determining the amount of the "state portion" of his SSI benefit. DCF indicated that nearly all states added to the federal benefit with a state-funded supplement. It cited a Social Security Administration publication, which is available at http://www.ssa.gov/policy/docs/progdesc/ssi_st_asst/2011/vt.pdf [http://perma.cc/P6XB-QPBQ], and explained that for Vermont residents, the supplement is administered by the SSA. DCF

stated that it played no role in delivering the state SSI supplement. Petitioner responded to this statement in early March 2015.

A second hearing occurred on March 10, 2015. A DCF employee testified by telephone regarding the basis for DCF's calculation of petitioner's 3SquaresVT benefits. Petitioner also testified. At the end of this hearing, the hearing officer closed the evidence, and he subsequently filed his recommendation to the Board. After he had done so, petitioner served subpoenas on several individuals from the Northeast Kingdom Human Services Office, the State Treasurer, a receptionist at the State Treasurer's Office, and the Commissioner of DCF, directing them to attend the Board's May 6, 2015 meeting and produce documents. Petitioner filed copies of these subpoenas with the hearing officer. Construing the filing as a request to issue subpoenas on petitioner's behalf, the hearing officer denied petitioner's request. See 3 V.S.A. § 809(h); Fair Hearing Rules, Code of Vt. Rules 12-2-100:1000.3(J) ("Requests for subpoenas shall be submitted to the hearing officer, except for licensed attorneys as provided in 3 V.S.A. § 809(h)."). The hearing officer explained that the record had been closed at the conclusion of the second hearing. Because the purpose of the Board's meeting was to allow the parties to present oral argument, not offer additional testimony or evidence, there was no basis to compel the production of documents or to compel the attendance of the named individuals at the Board meeting. Fair Hearing Rules, Code of Vt. Rules 12-2-100:1000.3(J), 1000.4(B). Petitioner had also moved to remand the case back to the hearing officer to allow petitioner to present "newly discovered evidence" that a department other than Child and Family Services was in charge of the State's administration of Social Security benefits. The hearing officer denied petitioner's request, indicating that petitioner could raise that issue with the Board. The hearing officer submitted a revised recommendation to the Board.

The Board met on May 6, 2015. Petitioner submitted a written filing, asking that it be read out loud at the Board's meeting. In a decision dated May 14, 2015, the Board upheld DCF's decision. The Board found that DCF had received information that petitioner's unearned income, in the form of monthly SSI payments, would be reduced effective March 1, 2015. A DCF caseworker contacted the SSA and verified the reduction. The DCF caseworker credibly testified that DCF did not contact the SSA about the reduction of petitioner's SSI payments until after it received notification of the reduction. Pursuant to its own regulations, DCF acted on the SSI information to recalculate petitioner's 3SquaresVT benefits. See Food Stamps (3SquaresVT), Code of Vt. Rules 12-3-225:273.9(b)(5)(i). The Board found no evidence to indicate that petitioner's 3SquaresVT benefits were calculated in error. While petitioner disputed the reduction in his monthly SSI payment, his remedy for that challenge was to appeal to the SSA or another forum with jurisdiction over the federal government's administration of SSI payments. The Board rejected petitioner's allegation that DCF had coordinated with the federal government to have his SSI payments reduced. It similarly found no evidence that DCF's notice of an increase in petitioner's 3SquaresVT benefits in any way caused the reduction in his monthly SSI payments in violation of his constitutional rights or in retaliation for petitioner requesting a fair hearing. Because DCF's action was consistent with applicable regulations, the Board affirmed DCF's decision to increase petitioner's 3SquaresVT benefits. Petitioner appealed.

On appeal, petitioner lists thirty-six claims of error challenging the hearing procedure and the Board's decision. Petitioner focuses largely on the same arguments raised and rejected below. He reiterates his contention that DCF reduced his SSI payments in retaliation for petitioner's filing of various lawsuits and appeals. Petitioner also contends that he was denied the opportunity to fully present his case. He complains that his request to subpoena certain

witnesses was improperly denied. He also argues that the DCF employee's testimony regarding the information received from the SSA was inadmissible hearsay. Petitioner makes various other claims about the hearing, suggesting secret conspiracies to deny him benefits in order to limit his ability to pursue lawsuits. These claims are unfounded and we reject them. We also reject petitioner's other challenges to the hearing process, such as his complaint that the DCF attorney is working for the secret police; his suggestion that the attorney who appeared by phone at the first hearing was not the same person who appeared in person at the continued evidentiary hearing; and other arguments in this vein.

On review, we will uphold the Board's decision "where the record contains any credible evidence to fairly and reasonably support the findings." Hall v. Dep't of Soc. Welfare, 153 Vt. 479, 486-87 (1990). The Board's decision is supported by the record here, and petitioner was provided a fair opportunity to present his case.

First, we emphasize that the only question before the Board was the increase in petitioner's 3SquaresVT benefits. The Board found no evidence that the increase was calculated in error, and there is no basis to reach a contrary conclusion here. Petitioner focuses on the decrease in his SSI benefits. As the Board recognized, however, it does not have jurisdiction to consider modifications to petitioner's SSI benefits. See 3 V.S.A. § 3091(a) (providing that person who receives benefits from DCF or other listed Vermont agencies, may request a fair hearing where the individual is aggrieved by agency action affecting his receipt of benefits). The hearing officer stated, and the Board reiterated, that petitioner must contact the SSA to challenge the amount of his SSI benefits. The Board rejected as unfounded petitioner's assertion that DCF contacted the SSA in an attempt to reduce petitioner's SSI benefits, instead crediting the testimony of the DCF employee involved in petitioner's case. There is no basis to disturb this finding. See In re Ryan, 2008 VT 93, ¶ 11, 184 Vt. 597 (stating that credibility assessments are a role reserved for trier of fact). In the end, as the Board found, DCF acted consistently with its regulations by increasing his 3SquaresVT benefits in recognition of a decrease in petitioner's household income due to a decrease in his SSI benefits. We find no error as to the merits of the Board's decision.

Petitioner's procedural claims are equally without merit. The record shows that petitioner was afforded a fair opportunity to respond and present evidence and argument on all issues involved as required by 3 V.S.A. § 809(c). Petitioner continues to believe that DCF plays some role in administering SSI benefits. The question of who administered SSI benefits was raised at the outset of the proceedings before the hearing officer. DCF stated in writing that the SSA exclusively administers SSI benefits. If petitioner believed this was not true, despite the unequivocal statement to this effect on the SSA's website, he had ample time to secure a witness to testify to this effect at the March 2015 evidentiary hearing. The hearing officer did not err in denying petitioner's belated request for five subpoenas, nor did the Board err in affirming DCF's decision on the record provided, rather than remanding for additional evidence.

We similarly reject petitioner's assertion that the DCF employee's testimony regarding the information received from the SSA was inadmissible hearsay. Petitioner raised this objection below, and both the hearing officer and Board overruled the objection. We find no basis to disturb this ruling. Hearsay is admissible in cases such as this one, as long as it is of a type commonly relied on by reasonably prudent people in conduct of their affairs. In re Smith, 169 Vt. 162, 173 (1999) ("[E]vidence not admissible under rules of evidence may be admitted if it is of a type commonly relied on by reasonably prudent people." (citing 3 V.S.A. § 810(1)); see also Fair Hearing Rules, Code of Vt. Rules 12-2-100:1000.3(O)(5) (hearing officer may allow

evidence not admissible under rules of evidence if application of "the exclusionary rule would result in unnecessary hardship and evidence offered is of a kind commonly relied upon by reasonably prudent person in conduct of their affairs"). Reports from the SSA are the type of information reasonably relied upon in DCF's performance of its functions. Moreover, there is no dispute that the hearsay statement at issue was accurate. That is, petitioner's SSI benefit did, in fact, drop. Petitioner does not deny this—he merely appeals to the wrong body in challenging it. We have considered all of petitioner's arguments, and find them all without merit. The Board did not err in affirming DCF's decision to increase petitioner's 3SquaresVT benefits.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice